2024 IL App (1st) 230118-U

No. 1-23-0118

Order filed September 27, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CR 7559 |
| | ) | |
| BRYANT MITCHELL, | ) | Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant's convictions are affirmed where the trial evidence was not closely balanced such as to warrant plain error review and defendant was not prejudiced by trial counsel's failure to object to statements and evidence presented by the State at trial.

¶ 2     Following a jury trial, defendant Bryant Mitchell was found guilty of one count of first-degree murder, three counts of attempted first-degree murder, and one count of aggravated discharge of a firearm and sentenced to 56 years in prison. The issues on appeal are whether the

circuit court's failure to comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) in admonishing jurors during *voir dire* is reviewable under the plain error doctrine, and whether defendant was deprived of his right to effective assistance of counsel where his trial counsel failed to object when the State: (1) made comments in its opening statement and closing arguments highlighting the loss suffered by the decedent's children; (2) elicited testimony regarding the decedent's relationship with her children; and (3) played a video showing the decedent's children's reaction to their mother being shot. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4      On June 5, 2019, defendant was charged by indictment with counts of first-degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2018)), attempted first-degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2018)), and aggravated discharge of a firearm at an occupied vehicle (720 ILCS 5/24-1.2(a)(2) (West 2018)). These charges were in connection with an allegation that on April 26, 2019, defendant shot a handgun at a moving vehicle containing three rival gang members, with one bullet striking the back window of the vehicle, two striking a passing ambulance, and a fourth piercing the window of a store across the street, striking and killing Candace Dickerson in front of her two children. Defendant raised the affirmative defense of self-defense. 720 ILCS 5/7-1 (West 2018).

¶ 5      At trial, the State presented surveillance videos from several businesses in the vicinity that showed defendant running around the corner, stopping, and discharging a firearm in the direction of a stopped silver Chrysler before running in the opposite direction. The State also presented video from inside the cell phone store which showed Dickerson collapsing after a gunshot is heard and the reactions of her children and the store employees following the shooting. Two of the rival

gang members occupying the Chrysler, Raymond Mangan and Isiah Rivera, each testified that no one in the car flashed any gang signs to defendant and that no one in the car pointed, showed, or shot a gun at defendant or anyone else. The State presented additional witnesses including James Quan, who testified that he saw the shooting occur, paramedic Dante Butler, who testified that he was inside the ambulance when it was shot, and Dickerson's son Jacari McBride, who testified that he was with his mother in the store when she was shot and killed.

¶ 6    Defendant testified that on the night of the shooting he was in a parking lot at the intersection of 59th Street and Kedzie Avenue in Chicago with Carlos Gonzalez, who was not charged, and co-defendant Marco Zavala. Defendant saw a silver Chrysler back into a parking space with Mangan and Rivera inside flashing gang signs. Brian Ocampo was in the back seat. Defendant saw one occupant display the Latin Kings gang sign, and defendant responded with the same gang sign. Defendant was a member of the Satan Disciples, which opposed the Latin Kings. The Chrysler's occupants did not do anything after defendant flashed the gang sign.

¶ 7    Defendant again saw the Chrysler on an adjacent street and walked in the opposite direction to meet with Zavala, who gave him a firearm. Defendant saw the Chrysler drive by with the passenger pointing a firearm at him. When the vehicle stopped at the 59th and Kedzie traffic light, defendant fired at least four shots at the Chrysler as it drove away. Defendant claimed he shot at the vehicle because he was "scared" and "feared for [his] life," and thought Rivera was "going to shoot [him]."

¶ 8    The jury found defendant guilty of one count of first-degree murder as to Dickerson and that defendant personally discharged a firearm during the commission of that offense, three counts of attempted first-degree murder as to Mangan, Rivera, and Ocampo, and one count of aggravated

discharge of a firearm. Defendant filed a motion for judgment notwithstanding the verdict or a new trial, disputing the sufficiency of the evidence, the trial court's ruling on pretrial motions, and the trial court's alleged failure to impound or retain jury verdict forms. The trial court denied the motion and sentenced defendant to 56 years in prison. Defendant timely appealed. Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021).

¶ 9                                          II. ANALYSIS

¶ 10    Defendant argues that the circuit court erred when it failed to properly question the venire in violation of Illinois Supreme Court Rule 431(b), which requires the trial court to ask each potential juror whether they understand and accept certain principles. Defendant concedes that he did not preserve this issue because he did not contemporaneously object or raise the issue in a post-trial motion. *People v. Thompson*, 238 Ill. 2d 598, 611-12 (2010). Nonetheless, he asserts that we may review this issue under the plain error doctrine.

¶ 11    Under the plain error doctrine, a reviewing court may consider forfeited errors when a clear or obvious error occurred and either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Moon*, 2022 IL 125959, ¶ 20. Here, defendant contends that we should review this issue under the first prong of the plain error doctrine. To satisfy this prong, the defendant must show "that the quantum of evidence presented by the State against the defendant rendered the evidence 'closely balanced.' " *People v. Piatkowski*, 225 Ill. 2d 551, 566 (2007).

¶ 12    "The first step of plain error review is determining whether any error occurred." *Thompson*, 238 Ill. 2d at 613. Rule 431(b) requires the trial court to ask each potential juror whether they understand and accept certain principles, including "that the defendant is not required to offer any evidence on his or her own behalf ***." Ill. S. Ct. R. 431(b) (eff. Jul. 1, 2012). During jury selection, the trial court asked the venirepersons whether they accepted this principle, but did not ask if they understood this principle:

> "Third, the defendant is not required to prove his innocence nor is he required to present any evidence on his behalf. Is there anyone who does not accept or will not follow this instruction? If so, please raise your hand. No hands are raised."

The State concedes that the trial court's failure to ask whether the prospective jurors understood this principle constituted error. *People v. Wilmington*, 2013 IL 112938, ¶ 32.

¶ 13    Defendant argues that this error falls within the first prong of the plain error doctrine because the evidence was closely balanced regarding whether he acted under the belief that self-defense was justified and the issue "boiled down to a battle of credibility" between witnesses. However, the evidence against defendant was far from closely balanced. Though the State and defense presented witness testimony offering competing versions of events, the State also presented video evidence corroborating testimony that defendant pursued the vehicle from behind and began shooting when it stopped at a red light. Defendant himself testified that no one in the vehicle was pointing a firearm at him at the time he began shooting. Self-defense does not permit someone to pursue even an initial aggressor if the aggressor flees. *People v. Guja*, 2016 IL App (1st) 140046, ¶ 54.

¶ 14    The evidence was not so closely balanced that the scales could have been tipped against defendant by the trial court's error in failing to ask whether the jury both accepted *and* understood "that the defendant is not required to offer any evidence on his or her own behalf ***," especially as defendant did in fact present evidence on his behalf at trial. *People v. Albarran*, 2018 IL App (1st) 151508, ¶ 58 ("Here, defendant simply cannot obtain plain error relief based on the circuit court's failure to ask potential jurors whether they understood that a defendant is not required to offer any evidence on his behalf because defendant *did* offer evidence on his behalf at trial. *** There was simply no possibility that the circuit court's instructional error may have affected the result of the trial." (Emphasis in original)). Defendant is not entitled to relief under the plain error doctrine.

¶ 15    Defendant also argues that his trial counsel provided ineffective assistance by failing to object when the State: (1) made remarks in its opening statement and closing arguments emphasizing the loss suffered by the victim's children; (2) elicited testimony from the victim's son regarding his relationship with his mother; and (3) played the full video from the cell phone store that showed the children's emotional reaction to their mother being shot. Defendant argues that trial counsel should have objected on the basis that this evidence was inflammatory, irrelevant, and improper.

¶ 16    Under the sixth amendment to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel. U.S. Const., amend. VI; *People v. Cole*, 2017 IL 120997, ¶ 22. To prevail on a claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced

the defense. *People v. Jackson*, 2020 IL 124112, ¶ 90. "[F]ailure to establish either is fatal to the claim." *Id.* Because defendant cannot establish prejudice, we do not address counsel's performance. *People v. Johnson*, 2021 IL 126291, ¶ 53.

¶ 17    Under *Strickland*, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. There must be a reasonable probability, "sufficient to undermine confidence in the outcome," that the result of the proceeding would have been different without counsel's errors. *Id.* at 694. "Satisfying the prejudice prong necessitates a showing of actual prejudice, not simply speculation that defendant may have been prejudiced." *Johnson*, 2021 IL 126291, ¶ 55 (quoting *People v. Patterson*, 2014 IL 115102, ¶ 81).

¶ 18    Defendant cannot establish prejudice because even in the absence of the challenged evidence and remarks, the evidence of defendant's guilt was overwhelming. Aside from the testimony of the State's witnesses and defendant's own testimony that he discharged multiple gunshots at the fleeing vehicle, surveillance footage captured the scene of the shooting from multiple angles. The surveillance footage clearly shows defendant running after the Chrysler as it drives away and then stopping to shoot at the vehicle multiple times from behind before running back around the corner. Defendant himself testified that no one was aiming a firearm at him, much less shooting at him, when he discharged the firearm at least four times. The evidence against defendant was substantial, and defendant has not demonstrated that the result of the trial would have been different had the allegedly inflammatory evidence been excluded. *Strickland*, 466 U.S. at 694. Because defendant cannot show prejudice, his ineffective assistance of counsel claim necessarily fails.

¶ 19                          III. CONCLUSION

¶ 20    The judgment of the circuit court of Cook County is affirmed.

¶ 21    Affirmed.